**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Magistrate Judge Susan Prose**

Civil Action No. 26-cv-03196-SBP

HAMZA SOULEIMAN HABIB,

Petitioner,

v.

JUAN BALTAZAR,
GEORGE VALDEZ,
MARKWAYNE MULLIN, and
TODD BLANCHE,

Respondents.

---

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before this Court pursuant to the Order of Reference (ECF No. 11) entered on August 5, 2026, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge (ECF No. 9).

On July 16, 2026, Petitioner, Hamza Souleiman Habib, filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application") (ECF No. 1). This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

After reviewing the entire record, the Court finds and concludes that the Application should be granted.

**I. BACKGROUND**

Petitioner, Hamza Souleiman Habib, is being detained by United States Immigration and Customs Enforcement ("ICE") at a detention center in Aurora, Colorado. On July 16, 2026, he filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) claiming his detention by ICE violates his constitutional rights and the Immigration and Nationality Act and the Administrative Procedure Act. Specifically, he asserts the following three claims: (1) "My detention become [sic] unconstitutional prolonged and violates the Fifth . . . Amendment of the constitution[;]" because he has been detained for eight months; (2) "[V]iolation of the Administrative procedure ACT[:] alleges my re-detention by ICE was arbitrary and capricious in violation of the (APA)[;]" and (3) "[V]iolation of Due process[:] petitioner alleges his re-detention without notice violates his due process right because re-detention bears no rational relationship to ensuring his appearance [sic] future proceeding as he was previously released and complied with all conditions of release[.]" (ECF No. 1 at 2). For relief, he requests immediate release from detention. (*Id.* at 5).

Petitioner is a native and citizen of Somalia. (ECF No. 1-1 at 1). He entered the United States in February 2023 without inspection but was detained by Respondents shortly thereafter. (*Id.* at 1 & 2). He was released after two days and immigration proceedings were initiated. (*Id.* at 2). He has complied with all immigration proceedings requirements. (*Id.*). On November 5, 2025, Petitioner was detained by ICE at a routine check-in appointment. (*Id.*). He has no criminal history, and he was not served with a warrant issued by the Attorney General at the time of his

re-detention. (*Id.* at 1). He has never received written notice of the reason for his re-detention and never received a hearing before a neutral decision maker to determine if re-detention was justified. (*Id.* at 2). On February 23, 2026, the Immigration Judge ("IJ") issued a decision denying his application for asylum and denied withholding for removal and relief under the Convention Against Torture. (*Id.* at 3). On March 20, 2026, he timely appealed this denial, and the appeal is still pending. (*Id.*).

Petitioner filed a previous § 2241 habeas application, through counsel, in this Court in April 2026 challenging his detention. *See Habib v. Baltazar*, 26-cv-1727-SBP. His application was granted on May 20, 2026, and Respondents were ordered to provide Petitioner with an individualized bond hearing pursuant to Section 1226(a) within seven days. (*See id.* at ECF No. 11). A bond hearing was held on May 22, 2026, and the IJ denied a bond, concluding that Petitioner was a flight risk. (ECF No. 1-1 at 5). In the previous application, the Court noted that the Petitioner also argued his detention was unlawful because he was not served with a warrant at the time of his re-detention, but the Court declined to reach this argument. *See Habib v. Baltazar*, 26-cv-1727-SBP at ECF No. 11. After the Government provided a status report indicating that Petitioner had received a bond hearing, but that bond was denied because the IJ found Petitioner was a flight risk, the Court issued a final judgment in Petitioner's previous action on June 9, 2026. (ECF No. 16).

On July 28, 2026, in this action, Respondents were ordered to show cause why the Application should not be granted. (ECF No. 5). On August 10, 2026, after receiving an extension of time, Respondents filed a Response to the Order to Show Cause (ECF No. 14), arguing that to the extent Petitioner is renewing claims he asserted in his previous habeas action

and/or challenging the legality of the same detention he already challenged, his claims are successive under 28 U.S.C. § 2244 (a). (ECF No. 14 at 1-2). Further, Respondents argued that to the extent Petitioner is challenging his continued detention following the May 22, 2026 bond decision, he identifies no constitutional defect in the process he received. (*Id.* at 2). On August 20, 2026, Petitioner filed a Reply (ECF No. 16). In his Reply, Petitioner states that it "was not intention to re-litigate the previous petition which this court had already made a ruling." (*Id.* at 1). He states that his:

> main argument is that the bond hearing he received from the Respondents and IJ was not in conformity with the order of this Court. The order was for the Respondents to provide the petitioner a custody bond hearing based on 8 U.S.C. § 1226(a) in which the government bears the burden of proof by clear and convincing evidence that the petitioner's continued detention is justified.

(ECF No. 16 at 1). Petitioner argues that "he believes that the bond hearing he received from the Respondents and the IJ was constitutionally inadequate as the IJ failed to hold the Respondents to the standard of proof set by this Court rather IJ shifted the burden to petitioner." (*Id.*). According to Petitioner, the IJ cited only piece of evidence to conclude that Petitioner is a flight risk, which was that his asylum application I-589 was denied. (*Id.*).

**II. DISCUSSION**

The Court must construe the Application and other papers filed by the Petitioner liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See* Hall, 935 F.2d at 1110.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is

to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**A. Second or Successive/Abuse of Writ**

First, the Court will consider Respondent's argument that many of Petitioner's claims are successive and/or constitute an abuse of the writ. According to Respondent, Petitioner's instant habeas application should be denied as successive. Respondents argue that in the instant action, Petitioner seeks immediate release by "renewing several claims that he raised in his prior habeas action, including his challenge to his November 2025 re-detention, the alleged absence of a warrant under § 1226(a), and the lawfulness of his detention under the Immigration and Naturalization Act ('INA') and the Administrative Procedure Act ('APA')." (ECF No. 14 at 4-9).

A habeas petitioner's right to have his claims heard under § 2241 is limited by 28 U.S.C. § 2244(a) and relevant case law. *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010). Section 2244(a) authorizes a court to decline to hear a habeas petition that presents a claim raised and adjudicated on the merits in an earlier proceeding unless hearing the claim would serve the ends of justice. *Id.* A court may also decline to hear a habeas petition raising a claim that could have been presented in an earlier habeas petition but was not. *Id.*

As to Petitioner's claim that he was re-detained without a warrant, the Court agrees with Respondents that it was raised in his previous habeas action. However, that claim was not

adjudicated on the merits in the previous action. See *Habib v. Baltazar*, 26-cv-1727-SBP at ECF No. 11 ("The Court notes that Petitioner also argues his detention was unlawful because he was not served with a warrant under 8 U.S.C. § 1226(a). However, because the statutory claim resolved above is dispositive, the Court declines to reach that additional argument at this time."). Although Petitioner could have filed a motion for reconsideration in his previous action as to the detention without a warrant claim, the Court concludes that hearing the claim in this action would serve the ends of justice.

**B. Re-detention Without a Warrant**

There is no dispute that Petitioner is held pursuant to 8 U.S.C. § 1226(a). Although in the previous habeas action, Respondents argued that Petitioner was held pursuant to § 1225(b), the Court rejected that argument. *See Habib v. Baltazar*, 26-cv-1727-SBP at ECF No. 11. *See also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Section 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)....As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Gelashvili v. Baltazar*, No. 26-CV-04102-NYW, 2026 WL 2797648, at *1–3 (D. Colo. Sept. 18, 2026) (collecting cases). "If the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Limon Soto v. Valdez*, No. 26-CV-03948-NYW, 2026 WL 2664193, at

*2 (D. Colo. Sept. 10, 2026) (quoting *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023)) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."); *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases))).

Similarly, the Department of Homeland Security regulations only permit immigration officers to "arrest[ ] and take[ ] into custody" individuals suspected of violating the immigration laws after the officers have obtained a warrant and a Notice to Appear ("NTA"). *See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (noting that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings once a warrant and NTA have issued).

However, without a warrant, the Government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). A warrantless arrest is allowed only "if [an immigration officer] has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). The "reason to believe" language has been interpreted as equivalent to the constitutional probable cause standard and requires a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216–17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted). Once an officer makes a warrantless arrest, the Government generally must make a custody determination within 48 hours and decide

"whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest...will be issued." 8 C.F.R. § 287.3(d).

Here, it does not appear that the Government complied with these requirements when arresting and detaining Petitioner. Respondents do not address these requirements at all in their Response in this action, and they do not attach any warrant or provide any evidence indicating that the arresting immigration officer(s) had reason to believe Petitioner was likely to escape before a warrant could be obtained or that they provided Petitioner with a custody determination within 48 hours. (*See* ECF No. 14). Likewise, they did not address the requirements in their Response in the previous habeas action. *Habib v. Baltazar*, 26-cv-1727-SBP at ECF No. 9 at 7 (arguing that if the Court rules Petitioner is detained pursuant to § 1226(a) and entitled to a bond hearing, the Court should decline to address additional arguments). Thus, Respondents have waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

Accordingly, the Court finds that Petitioner's initial arrest and detention were unauthorized under § 1226(a), and Petitioner is entitled to immediate release. *See Quezada-Estrada*, 2026 WL 1361880, at *6 ("Release is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" (quoting Ahmed M. v. Bondi, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026))); *Godluckmolemen v. Baltazar*, 26-cv-02393-GPG at ECF No. 15 (D. Colo. July 15, 2026) (ordering Petitioner released because his initial arrest and detention were unauthorized under § 1226(a) where Government was unable to produce a warrant for Petitioner's arrest and did not produce any

evidence indicating that the arresting immigration officer(s) had reason to believe Petitioner was likely to escape before a warrant could be obtained or that they provided Petitioner with a custody determination within 48 hours).

The Application will be granted in part, and the Court will order Petitioner released. Therefore, the Court will not reach Petitioner's other claims because he has received his requested relief.

Therefore, **IT IS ORDERED** that:

(1) The Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED in part**;

(2) Within **48 hours** of this Order, Respondents **SHALL RELEASE** Petitioner from custody; and

(3) On or before **October 2, 2026**, Respondents **SHALL FILE** a status report confirming that Petitioner was released.

DATED September 24, 2026.

BY THE COURT:

______________________________

Susan Prose
United States Magistrate Judge